IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| MURRAY INSURANCE AGENCY, INC., DEBTOR | : | BANKRUPTCY NO.: 5-09-bk-07382-JJT |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, PLAINTIFF | : | |
| vs. | : | {**Nature of Proceeding**: Defendant/ Intervenor's Motion for Reconsideration and/or Relief Under Applicable Federal Rules (Doc. #60)} |
| MURRAY INSURANCE AGENCY, MARK CONWAY, ESQ., TRUSTEE, DEFENDANTS | : | |
| AND | : | |
| MOUNT AIRY #1, LLC, DEFENDANT/INTERVENOR | : | **ADVERSARY NO.: 5-10-ap-00217-JJT** |

*******************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| BRIAN MURRAY, DEBTOR | :: | BANKRUPTCY NO.: 5-09-bk-07383-JJT |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, PLAINTIFF | : | |
| vs. | : | |
| BRIAN MURRAY MARK CONWAY, ESQ., TRUSTEE, DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00218-JJT** |

# OPINION[1]

The scope of federal bankruptcy jurisdiction is found in 28 U.S.C. § 1334(a) and (b) which provides as follows:

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

**§ 1334. Bankruptcy cases and proceedings**

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The referral of bankruptcy matters from the District Court to the Bankruptcy Court and the scope of Bankruptcy Court jurisdiction is contained in 28 U.S.C. § 157. When examining the reach of a Bankruptcy Court's jurisdiction, I find the following from the Third Circuit in the case of *In re Combustion Engineering Inc.*, 391 F.3d 190, 225-226 (3rd Cir. 2004), instructional:

> "Bankruptcy court jurisdiction potentially extends to four types of title 11 matters: '(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.' " *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162 (3d Cir.2004) (quoting *Torkelsen v. Maggio (In re Guild & Gallery Plus)*, 72 F.3d 1171, 1175 (3d Cir.1996)). Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as "core" proceedings; whereas proceedings "related to" a case under title 11 are referred to as "non-core" proceedings.
>
> . . . .
>
> Although not defined by statute, we set forth what has become the seminal test for determining "related to" jurisdiction over third-party claims in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984). In that case, John and Louise Higgins brought suit in state court against Pacor, a chemical supplies distributor, for injuries allegedly caused by exposure to asbestos contained in Pacor's products. Pacor filed a third-party complaint impleading Johns-Manville, the initial asbestos manufacturer. Johns-Manville subsequently filed for Chapter 11 bankruptcy, and the plaintiffs sought to remove their case to the bankruptcy court where the Johns-Manville bankruptcy was proceeding. The bankruptcy court denied removal, and we affirmed.
>
> In evaluating the scope of "related to" bankruptcy jurisdiction, we acknowledged that Congress intended to grant bankruptcy courts broad authority to deal expeditiously with all matters pertaining to the bankruptcy. But we also noted that this power was not without limitation. In defining the appropriate

balance, we stated:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *Pacor*, 743 F.2d at 994 (emphasis in original) (citations omitted).

*In re Combustion Engineering Inc.*, 391 F.3d at 225-226 [footnotes omitted].

The procedural posture of this case is as follows. On June 10, 2010, Plaintiff, Endurance American Specialty Insurance Company, (hereinafter "Endurance"), filed a Complaint for Declaratory Relief naming Murray Insurance Agency, (hereinafter "MIA"), and Mark Conway, Esquire, Trustee, as Defendants in case number 5-09-bk-07382. The Complaint asked that Endurance be relieved of any contractual obligations it may owe to those insured through MIA. Thereafter, I entered an Order on November 23, 2010, which consolidated this adversary with adversary number 5-10-ap-00218 which was filed in the Brian Murray bankruptcy at 5-09-bk-07383. The lead case became adversary number 5-10-ap-00217. During the course of the adversary, the Defendant, Mount Airy #1 LLC, (hereinafter "Mount Airy"), opposed to Endurance's request to exculpate itself, was permitted to intervene as a party Defendant. Trial was held on May 17, 2011, and for reasons not particularly relevant to the instant matter, Mount Airy did not participate at the time of the trial. The Court directed Plaintiff, Endurance, to submit to the Trustee and the Court, an Order of Default for review within seven days. Before that Order was submitted, Mount Airy filed a Motion for Reconsideration.[2] In that Motion for Rehearing, Mount Airy questioned the extent of the jurisdiction of the Bankruptcy Court to enter

---

[2] In short, the substance of the Motion is more appropriately a request for a rehearing than a Motion for Reconsideration, and will be referred to hereafter as a Motion for Rehearing.

judgment in the underlying adversary complaint.[3] After hearing, I took the Motion for Rehearing under advisement and ordered briefs from both sides to be submitted within certain time periods found in the proceeding memo at Doc. #68.

Substantial time was directed to discussion of the Court's jurisdiction at the hearing on the Motion for Rehearing. The Court indicated to the parties that if they would consent that I could enter final orders on this matter, then I would most likely deny the Motion for Default Judgment to be entered against Mount Airy and proceed to the merits of the underlying complaint. Otherwise, if they did not consent to me entering a final order, I would need to examine the scope of my jurisdiction resulting in the possibility of sending proposed findings of fact and conclusions of law to the District Court for their review. I also noted that if I did grant the Motion for Rehearing, I would also order Mount Airy be surcharged the fees and expenses incurred by Endurance in presenting the Trial on May 17, 2011.

While Mount Airy filed a "Motion for Determination that Subject Proceedings Should not Subject (sic) to the Jurisdiction of the Bankruptcy Court," it nevertheless alleged the underlying matter was non-core. Despite a bit of inconsistency, Mount Airy concedes the position that the underlying adversary matter is related to the bankruptcy proceedings under 28 U.S.C. § 157(c)(1). See Motion Doc. #70 at ¶¶ 20 and 22. Mount Airy also asks this Court to relinquish jurisdiction under 28 U.S.C. § 1334(a) to the District Court.[4] In a detailed response, Endurance argued that the Court can enter final judgment as the underlying adversary presents a core proceeding.

To more fully appreciate the dispute as to whether the adversary presents a core or non-

---

[3] The Court also, at the time of trial on this matter, questioned the Court's jurisdiction to hear the underlying matter.

[4] Of course, Motions to Withdraw the Reference are to be heard in the first instance by the District Court and not the Bankruptcy Court.

core matter, a short recital of the allegations of the adversary is in order. On or about June 5, 2009, Brian Murray, on behalf of MIA, submitted an application to Endurance for professional liability insurance coverage through Axis Insurance Services, LLC. See Complaint for Declaratory Relief at ¶ 25. The Complaint alleges that in order to obtain the insurance coverage, Brian Murray, on behalf of MIA, made various misrepresentations and/or provided incomplete, inaccurate, or untruthful information. Count I of the Complaint for Declaratory Judgment requests the Court find that the policy issued to Defendants (Murray and MIA) by Endurance was void *ab initio* and that Endurance had no obligation to provide coverage or otherwise defend or indemnify the Defendants for any claims submitted by the Defendants for coverage under the policy.

In Count II of the Complaint, Endurance seeks a declaratory judgment that it has no obligation to provide coverage or otherwise defend or indemnify the Defendants for the claims or potential claims asserted by Mount Airy Casino and Resort against the Defendants[5]. In this regard, Mount Airy alleges that prior to the bankruptcy, it purchased through MIA an insurance policy to provide "tail coverage" for a then-departing Trustee and paid MIA a premium in the amount of $233,000.00, and it was represented that the tail coverage policy was, in fact, purchased. Mount Airy alleges that while the premium was accepted by MIA, it does not know whether MIA properly placed the policy. Mount Airy intervened because it claims that a determination voiding the policy will directly and substantially impact on the interest held by Mount Airy. Mount Airy's Answer to the Complaint essentially denied all the allegations of the entire Complaint.

Of additional relevance to this determination is that paragraph 7 of the Complaint indicates that it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and that allegation was

---

[5] Several Counts of the Complaint do not impact Mount Airy but do impact entities similarly situated.

admitted by the Trustee in his Answer to paragraph 7. See Chapter 7 Trustee's Answer to Counterclaim at Doc. #11. Mount Airy answered paragraph 7 of the Complaint by indicating that "[p]aragraph 7 contains allegations regarding the legal basis for jurisdiction and, therefore, no response is required." See Answer of Defendant/Intervenor Mount Airy #1, LLC at Doc. #23.

Ultimately, I believe I can summarize the parties' position in this adversary as follows. With regard to Endurance, its primary goal is protecting itself against any liability which may arise under the policy issued to the Defendants with a hopeful result of finding that the policy is void *ab initio* and that Endurance would have no obligation to indemnify Defendants for any claims submitted under the policies. For its part, Mount Airy is attempting to protect itself from any alteration of its legal rights, as it sees them, under the policy. Either position of Endurance or Mount Airy stands alone and is not effected by the bankruptcy process put into motion by the filing of the underlying bankruptcy cases. Endurance is an indemnitor under the policy and is potentially responsible for damages that might arise from a claim against either Debtor.

> Although Congress does not define what a core proceeding is, the Third Circuit Court outlined a two step analysis in Halper. See Halper v. Halper, 164 F.3d 830 (3d Cir.1999). First, a court must review § 157(b)(2) and determine if the proceeding at issue falls under any of the illustrative examples delineated therein. See id. at 836; 28 U.S.C. § 157(b)(2). If not, the court must determine if the proceeding "[1] invokes a substantive right provided by title 11 or [2] if the proceeding, that by its nature, could arise only in the context of a bankruptcy case." Halper, 164 F.3d at 836.
> Non-core proceedings, however, concern matters that do not arise under Title 11 but are nevertheless "related to" a bankruptcy case. If the proceeding "does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy, it is a non-core proceeding even though it may be related to bankruptcy." Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1157 n. 9 (3d Cir.1989)(citing Matter of Wood, 825 F.2d 90, 97 (5th Cir.1987)). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Halper, 164 F.3d at 837 (emphasis added) (citation omitted).

*In re Adelphia Communications Corp.*, 313 B.R. 374 (Bkrtcy.M.D.Pa. 2004).

Concerning the estate's position, resolution of the issues raised in the underlying adversary and in the Motion to Intervene raise issues which are neither integral nor essential to the sound administration of the estate. I further find the adversary does not invoke a substantiative right provided by Title 11 nor, by its nature, could it arise only in the context of a bankruptcy case. I do find the adversary raises issues related to the administration of the underlying case since resolution of the underlying adversary may have a potential impact on distribution that ultimately may be made to estate creditors. This is not enough in itself to make the matter core. In this regard, I see no difference between the impact of potential money coming into the estate through the refund of premiums by Endurance to the estate and an estate's effort to increase distribution to creditors by attempting to collect on prepetition account receivables. *In re Agri-Concrete Products, Inc.*, 153 B.R. 673 (Bkrtcy.M.D.Pa. 1993); *Kay Wholesale Drug Co., Inc. vs. Eagleville Pharmacy, Inc.* (*In re Kay Wholesale Drug Co., Inc.*), Ch. 11 Case No. 5-94-01077, Adv. No. 5-94-00241 (M.D.Pa. Jan. 10, 1996). In addition, to the extent that bankruptcy claims are satisfied (or not) by Endurance, distribution from the estate could be affected.

It is for all these reasons I find that the underlying adversary presents to this Court a non-core related proceeding. I note that the Intervenor, Mount Airy, has not consented to this Court rendering a final judgment on this matter. Based upon the foregoing, the Court will enter an Order denying default judgment against Mount Airy #1, LLC, and will grant Mount Airy's Motion for Rehearing. In this regard, Intervenor has fourteen (14) days from the date of this Order to respond to the Supplement filed by Endurance outlining its legal fees and expenses incurred in relation to the May 17, 2011 Trial.

Further, the Court will reschedule the Trial in the underlying adversary for Thursday, November 17, 2011, at 9:30 a.m. in Bankruptcy Courtroom No. 2, Max Rosenn United States

Courthouse, 197 South Main Street, Wilkes-Barre, PA. Unless the parties consent to the Court making final findings of fact and conclusions of law, recommendations on both will be submitted to the District Court for its consideration in entering a final order or judgment.

    My Order will follow.

By the Court,

*[signature]*

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 13, 2011